# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| In re: | ) | Case No. 17-08243-MFH |
| | ) | Honorable Marian F. Harrison |
| LEIF ALFRED TORKELSEN, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| PENSION BENEFIT GUARANTY | ) | |
| CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. |
| | ) | |
| LEIF ALFRED TORKELSEN, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

1. The Pension Benefit Guaranty Corporation ("PBGC"), on behalf of the Carl Smith Pipeline Cash Balance Plan (the "Pension Plan"), brings this adversary proceeding pursuant to 11 U.S.C. §§ 523 and 553 and Bankruptcy Rule 4007 to determine the dischargeability of a debt to the Pension Plan.

### Jurisdiction and Venue

2. This court has jurisdiction of this adversary proceeding under 28 U.S.C. §§ 157(a)-(b), and 1334(b).

3. Venue is proper in this Court under 28 U.S.C. § 1409(a) because this proceeding is related to the above referenced bankruptcy case, currently pending in the United States Bankruptcy Court for the Middle District of Tennessee.

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) because it concerns a determination of the dischargeability of a particular debt.

**Parties**

5. PBGC is a wholly owned United States Government corporation created under 29 U.S.C. § 1302(a) to administer the pension plan termination insurance program established by Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1301-1461 (2012 & Supp. IV 2016). When a pension plan covered by Title IV terminates without sufficient assets to pay all of its promised benefits, PBGC typically becomes trustee of the plan and pays plan participants their pension benefits up to the limits established by Title IV. *See* 29 U.S.C. §§ 1321, 1322, 1361. PBGC is a party in interest in this bankruptcy case and is prepared to file a claim on behalf of the Pension Plan, when a claims bar date is set.

6. Leif Alfred Torkelsen (the "Debtor") is a debtor in the above-referenced bankruptcy proceeding and a resident of Nashville, Tennessee.

7. Upon information and belief, the Debtor is one of the owners of Pipeline Energy Group ("Pipeline"), which had its principal place of business in Franklin, Tennessee. On February 5, 2016, Pipeline filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (Case No. 3:16-bk-0076). That case is currently pending in this Court.

8. The Pension Plan is a single-employer defined benefit pension plan covered by Title IV of ERISA.

**The Pension Plan**

9. Upon information and belief, effective January 1, 2013, Pipeline established the Pension Plan to provide pension benefits to certain of its employees.

10. Upon information and belief, the Pension Plan is a single-employer defined benefit pension plan covered by Title IV of ERISA.

11. Upon information and belief, the Pension Plan currently has 12 participants, including the Debtor.

12. Upon information and belief, since on or about January 1, 2013, the Debtor has been a trustee of the Pension Plan.

13. Upon information and belief, Pipeline has ceased operations.

14. Therefore, PBGC initiated termination of the Pension Plan under 29 U.S.C. § 1342 and sought appointment as statutory trustee of the Pension Plan.

15. On January 24, 2017, the Pension Plan was terminated and trusteed by agreement between its plan administrator and PBGC, and PBGC was appointed the Pension Plan's statutory trustee.[1] As statutory trustee, PBGC is authorized to sue on behalf of the Pension Plan to recover all amount due and payable to the Pension Plan. 29 U.S.C. §§ 1342(d), 1362(c).

**The Debtor's Status as a Fiduciary of the Pension Plan**

16. The Debtor is identified in the Pension Plan document as the trustee of the Pension Plan. *See* Preamble and Article XII, Section 12.11.[2]

17. As trustee of the Pension Plan, the Debtor is a fiduciary with respect to the Pension Plan within the meaning of 29 U.S.C. § 1002(21).

18. Upon information and belief, the Debtor, as trustee of the Pension Plan, has exclusive authority and discretion to manage and control the Pension Plan's assets, pursuant to the terms of the Pension Plan document.

---

[1] Attached as Ex. A is a true and correct copy of the Trusteeship Agreement.

[2] Attached as Ex. B is a true and correct copy of the Pension Plan document.

19. As a fiduciary and a participant, the Debtor is a party in interest with respect to the Pension Plan within the meaning of 29 U.S.C. § 1002(14)(A).

20. Under 29 U.S.C. § 1109(a), the Debtor, as fiduciary of the Pension Plan, is liable to make good to the Pension Plan the losses resulting from his breach of fiduciary duty, to restore to the Pension Plan any profits which have been made through the use of the Pension Plan's assets, and for such other equitable or remedial relief as the court deems appropriate.

21. Under the Internal Revenue Code ("IRC") and ERISA, a contributing sponsor of the Pension Plan and each member of its controlled group are jointly and severally liable to the Pension Plan for contributions necessary to satisfy the minimum funding standards under sections 412 and 430 of the IRC and sections 302 and 303 of ERISA. IRC § 412(c)(11) (2007) (effective for pension plan years beginning on or before Dec. 31, 2007); *see also* 29 U.S.C.A. § 1082(c)(11) (2007) (same); and IRC § 412(b)(1) & (2) (2009) (effective for pension plan years beginning after Dec. 31, 2007); *see also* 29 U.S.C.A. § 1082(b)(1) & (2) (2009) (same).[3] Also, a contributing sponsor may be contractually obligated to contribute to the Pension Plan.

22. The Pension Plan governing document provides that Pipeline shall pay to the trustee the amounts necessary to provide the benefits under the Pension Plan. *See* Article IV, Section 4.1.[4]

23. The Pension Plan governing document further provides that the trustee shall manage and control the assets of the Pension Plan. *See* Article VII, Section 7.1.[5]

---

[3] References to the IRC, or to 29 U.S.C.A. §§ 1082 and 1083, with a date of 2007 refer to the pre-PPA 2006 provisions in effect for pension plan years beginning *on or before* December 31, 2007. References with a date of 2009 refer to the PPA 2006 provisions in effect for pension plan years beginning *after* December 31, 2007.

[4] *See* Ex. B.

[5] *See Id.*

24. Upon information and belief, Pipeline has never made any contributions to the Pension Plan.

25. Upon information and belief, the Debtor has never collected any contributions from Pipeline that were owed to the Pension Plan.

26. Upon information and belief, the Debtor has never attempted to collect any contributions owed to the Pension Plan.

27. Upon information and belief, the Pension Plan has $0 assets to pay benefits due to participants and their beneficiaries or to defray reasonable administrative expenses under the terms of the Pension Plan.

28. As statutory trustee of the Pension Plan, PBGC brings this adversary proceeding on behalf of the Pension Plan under 29 U.S.C. §§ 1303(e) and 1342(d)(1).

## COUNT I: OBJECTION TO DISCHARGE OF DEBT
## PURSUANT TO 11 U.S.C. § 523(a)(4)

### Liability for Breach of Fiduciary Duty under 29 U.S.C. § 1104

29. PBGC restates and realleges paragraphs 1 through 28 above as if fully set forth herein.

30. Under 11 U.S.C. § 523(a)(4), an individual debtor may not discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

31. As a fiduciary, the Debtor is required to comply with Title I of ERISA.

32. ERISA requires that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and . . . for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan." 29 U.S.C. § 1104(a)(1)(A).

33. ERISA further provides that a fiduciary must exercise "the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104(a)(1)(B).

34. A pension plan trustee's duty to act with care, skill, prudence, and diligence includes taking appropriate action to recover delinquent minimum funding contributions which, at a minimum, would be a duty to investigate whether and how to compel a pension plan sponsor to make contributions owed the pension plan.

35. A fiduciary must also act in accordance with the documents and instruments governing the plan, so long as those documents are consistent with 29 U.S.C. § 1104(a)(1)(D).

6

Case 3:18-ap-90031   Doc 1   Filed 03/02/18   Entered 03/02/18 09:20:05   Desc Main
Document   Page 6 of 11

36. The Debtor had the power and corresponding duty to act in the interest of the Pension Plan's participants and beneficiaries, which was to take the necessary and appropriate action concerning the required contributions to the Pension Plan.

37. The Debtor failed to collect contributions owed to the Pension Plan.

38. The Debtor was aware that contributions were not being made to the Pension Plan and failed to take any documented action to collect the unpaid contributions.

39. By failing to take appropriate action to collect the unpaid contributions, the Debtor breached his fiduciary duty to the Pension Plan under 29 U.S.C. § 1104(a)(1)(B).

40. The Pension Plan suffered substantial losses as a result of the Debtor's fiduciary breaches; indeed, the Pension Plan has no assets.

41. Under 29 U.S.C. § 1109(a), the Debtor is personally liable for all losses, including interest, incurred by the Pension Plan as a result of his violations of fiduciary duty.

42. The Debtor may not discharge any debt "for fraud or defalcation while acting in a fiduciary capacity" with respect to the Pension Plan. *See* 11 U.S.C. § 523(a)(4).

**Prohibited Transactions Under 29 U.S.C. § 1106**

43. Section 1106(a)(1)(B) of Title 29 of the U.S. Code prohibits an ERISA fiduciary from causing an employee benefit plan to lend money or otherwise extend credit to a "party in interest" as to a pension plan, except as provided in 29 U.S.C. § 1108.

44. At all relevant times, Pipeline, as the "administrator" of the Pension Plan, was a "party in interest" as to the Pension Plan. 29 U.S.C. § 1002(14)(A).

45. At all relevant times, Pipeline, as the "employer" with respect to the Pension Plan, was a "party in interest" as to the Pension Plan. 29 U.S.C. § 1002(14)(C).

46. At all relevant times, the Debtor was a trustee and fiduciary of the Pension Plan.

47. By not enforcing Pipeline's statutory obligation to contribute to the Pension Plan, the Debtor caused the Pension Plan to extend credit to Pipeline, a party in interest with respect to the Pension Plan. None of the exceptions to 29 U.S.C. § 1106 provided in 29 U.S.C. § 1108 are applicable.

48. By causing the Pension Plan to extend credit to Pipeline, the Debtor breached his fiduciary duty to the Pension Plan under 29 U.S.C. § 1106(a)(1)(B).

49. On information and belief, as a result of the Debtor breaches of fiduciary duty under 29 U.S.C. § 1106(a)(1)(B), the Pension Plan suffered losses.

50. For his violations of 29 U.S.C. § 1106(a)(1)(B), the Debtor is personally liable to the Pension Plan under 29 U.S.C. § 1109(a), jointly and severally, to make good all of the losses.

**Co-Fiduciary Liability under 29 U.S.C. § 1105**

51. Under section 1105 of Title 29 of the United States Code, an ERISA fiduciary shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan when (1) the fiduciary "participated knowingly in, or knowingly undertakes to conceal, an act or omission" of his co-fiduciary, "knowing such act or omission is a breach;" (2) if, by his failure to comply with the general fiduciary standards in 29 U.S.C. § 1104(a)(1) (e.g. prudence, loyalty, and diligence) in the administration of the plan, he enabled such the co-fiduciary to commit a breach; or (3) he knew of his co-fiduciary's breach but took no "reasonable efforts" to remedy the breach.

52. The Debtor, as co-fiduciary, had a duty under ERISA to monitor Beth Ann Smith's ("Smith") actions as fiduciary with the same care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar in

such matters would use, and solely in the interest of the participants and beneficiaries of the Pension Plan.

53. On information and belief, to the extent that the Debtor did not breach his fiduciary duties under 29 U.S.C. §§ 1104, 1106, he nevertheless incurred liability under 29 U.S.C. § 1105(a) by (a) participating knowingly in Smith's failure to collect minimum funding contributions owed to the Pension Plan, (b) failing to diligently monitor Smith's actions, thereby enabling Smith's breaches of duty to the Pension Plan, and/or (c) failing to take action to remedy Smith's breaches of duty to the Pension Plan.

54. On information and belief, to the extent that the Pension Plan did not suffer losses as a result of breaches of the Debtor's fiduciary duties under 29 U.S.C. §§ 1104, 1106, the Pension Plan suffered losses as a result of Smith's violations of 29 U.S.C. § 1105(a).

55. For his violations of 29 U.S.C. § 1105(a)(1), the Debtor is personally liable to the Pension Plan under 29 U.S.C. § 1109(a), jointly and severally, to make good all of the losses.

## COUNT II: DECLARATORY JUDGMENT
**The Pension Plan May Set Off the Debtor's Fiduciary Breach Liability Against His Benefits**

56. PBGC restates and realleges paragraphs 1 through 55 above as if fully set forth herein.

57. The Debtor is a participant in the Pension Plan, and the Pension Plan owes to the Debtor any benefits that the Debtor will be entitled to receive from the Pension Plan.

58. The Debtor earned these benefits under the Pension Plan as a result of his pre-petition work at Pipeline.

59. As provided in Count I above, the Pension Plan has a claim against the Debtor for his breach of fiduciary duties under 29 U.S.C. §§ 1104 and 1106.

9

60. Under 29 U.S.C. § 1056(d)(4), the Pension Plan is authorized to offset any plan benefits owed to the Debtor under the Pension Plan against any amount the Debtor is ordered or required to pay to the Pension Plan as a result of his fiduciary breach pursuant to, *inter alia*, a civil judgment or settlement with the PBGC.

61. The Pension Plan's debt owed to the Debtor for pension benefits, and the Pension Plan's claim against the Debtor for fiduciary breach, are mutual.

62. With certain exceptions that are not applicable to this case, 11 U.S.C. § 553 provides that the Bankruptcy Code "does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before commencement of [the bankruptcy case] against a claim of such creditor against the debtor that arose before the commencement of the case."

63. Pursuant to 11 U.S.C. § 553, the Pension Plan has a valid right to offset its debt for any benefits owed to the Debtor against the Pension Plan's claim for fiduciary breach.

WHEREFORE, PBGC demands judgment and prays this Court:

1. Declare and adjudge that PBGC's claim for recovery of losses incurred by the Pension Plan through the Debtor's breaches of fiduciary duty both as alleged herein and for any and all other breaches of fiduciary duty to the Pension Plan is exempt from discharge, pursuant to 11 U.S.C. § 523(a)(4);

2. Declare and adjudge that the Debtor's pension benefits under the Pension Plan may be set off against the claim for recovery of losses the Pension Plan incurred through the Debtor's breach of fiduciary duty, pursuant to 11 U.S.C. § 553;

3. Order the Debtor to account fully for all assets of the Pension Plan;

4. Award to PBGC attorneys' fees and the costs of this action, pursuant to 29 U.S.C. § 1132(g)(1); and

5. Award such other relief as is just and equitable.

Dated: March 2, 2018  
Washington, D.C.

/s/ Damarr M. Butler  
JUDITH STARR  
General Counsel  
CHARLES L. FINKE  
Deputy General Counsel  
LORI BUTLER  
Assistant General Counsel  
DAMARR M. BUTLER  
Attorney  
Office of the General Counsel  
PENSION BENEFIT GUARANTY CORPORATION  
1200 K Street, N.W., Suite 340  
Washington, D.C. 20005-4026  
Phone: (202) 326-4020, ext. 6883  
Fax: (202) 326-4112  
Emails: butler.damarr@pbgc.gov  
and efile@pbgc.gov

**ATTORNEYS FOR PBGC**